JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01378-DOC-PDx | Date: June 26, 2024 |

Title: Santa Ana Pacific Associates v. Ahmad Ayubi et al

---

PRESENT:   THE HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE

| Karlen Dubon | Not Present |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|:---:|:---:|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):   ORDER SUA SPONTE REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT**

The Court, on its own motion, REMANDS this case to Orange County Superior Court.

### I.   Background

Plaintiff initiated what appears to be a routine unlawful detainer action against Defendant in Orange County Superior Court. On June 21, 2024, Defendant removed this action to federal court, asserting federal question jurisdiction. *See generally* Notice of Removal ("Not.") (dkt. 1).

### II.   Legal Standard

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). Whether a claim arises under federal law for removal purposes is determined by the same "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). "This rule makes a plaintiff the master of his complaint: it allows him to avoid federal jurisdiction by relying exclusively on state law." *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir.2000). Thus, it is "settled law that a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01378-DOC-PDx                                Date: June 26, 2024

Page 2

case may not be removed to federal court on the basis of a federal defense, including a defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983).

### III. Discussion

Defendant has not met the burden of demonstrating that removal is proper. The underlying complaint asserts a claim for unlawful detainer under state law for unpaid rent. Consequently, no federal question is presented on the face of Plaintiff's complaint. *See Bank of Am., Nat'l Ass'n v. German*, 2019 WL 2353630, at *2 (S.D. Cal. June 4, 2019) ("Because this complaint contains only a state unlawful detainer action, no federal question is presented."); *Cooper v. Washington Mut. Bank*, 2003 WL1563999, at *2 (N.D. Cal. Mar. 19, 2003) ("An unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction.").

Nor does Plaintiff's reliance on the Protecting Tenants at Foreclosure Act of 2009, Not. at 2, establish federal question jurisdiction. Violations of that federal statute are, at most, a potential defense to Plaintiff's claims or could be asserted as counterclaims against Plaintiff. *See Wescom Credit Union v. Dudley*, 2010 WL 4916578, at * 2 (C.D. Cal. Nov. 22, 2010) ("The PFTA[] . . . offers [Defendant] a federal defense to an unlawful detainer action . . . [a] federal defense, however, does not support federal-question jurisdiction."). Accordingly, there is no federal question presented by this action. *See Franchise Tax Bd.*, 463 U.S. at 14.

### IV. Disposition

For the reasons explained above, this case is hereby **REMANDED** to Orange County Superior Court.

Defendant's request to proceed in forma pauperis (dkt. 3) is **DENIED AS MOOT**.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                              Initials of Deputy Clerk: kdu

CIVIL-GEN

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01378-DOC-PDx					Date: June 26, 2024

								Page 3